IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DARIUS SHERIDAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:23-CV-193-ECM-KFP |
| | ) | |
| BLAKE TRUMAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate at the Covington County Jail, filed his Complaint on a form used by inmates for filing 42 U.S.C. § 1983 actions. After finding deficiencies in the Complaint, the Court entered an Order (Doc. 6) explaining those deficiencies, requiring Plaintiff to file an amended complaint, and providing specific instructions to do so.

Plaintiff's Amended Complaint identified several individuals as Defendants but failed to allege facts supporting his claims of cruel and unusual punishment or discrimination. It failed to describe conduct by any Defendant that violated his constitutional rights, and it presented only vague, unsupported legal conclusions. Accordingly, the undersigned entered another Order explaining the pleading's deficiencies and requiring Plaintiff to file a second amended complaint by July 31, 2023. *See* Doc. 12. The Order warned Plaintiff that a failure to comply would result in a recommendation of dismissal. Doc. 6 at 3. To date, Plaintiff has not filed an amended complaint or otherwise complied with the Court's Order.

Because of Plaintiff's failure to comply with the Court's Order, the undersigned concludes this case should be dismissed without prejudice. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (stating that dismissal for failure to obey a court order is generally not an abuse of discretion where litigant has been forewarned). The authority to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Mingo,* 864 F.2d at 102.

For the above reasons, the undersigned Magistrate Judge RECOMMENDS that this case be DISMISSED without prejudice.

Further, it is ORDERED that by **September 6, 2023**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the

Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *See* 11TH CIR. R. 3-1.

DONE this 23rd day of August, 2023.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE